# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| SAMANTHA STARKEY, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>   vs.<br><br>GUARDIAN CREDIT UNION,<br><br>        Defendant. | Case No.: 18-cv-411<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for outrageous collection practices that violate the the U.S. Bankruptcy Code and the Wisconsin Consumer Act, Ch. 421-427, Wis. Stat. Defendant Guardian Credit Union ("Guardian") attempted to collect an alleged debt from Plaintiff that had been discharged in Plaintiff's 2015 chapter 7 bankruptcy case. Guardian's conduct has the effect of deceiving consumers into making a payment, which resurrects a debt that has been discharged in a bankruptcy proceeding. Guardian's conduct is unmistakably confusing, misleading, and deceptive, and is the type of conduct that the WCA was intended to prohibit.

## JURISDICTION AND VENUE

2. The Court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 28 U.S.C. §§ 1332, 1332d, and 1367.

3. Plaintiff resides in the state of Wisconsin. Defendant is a federal credit union whose primary place of business is located in Wisconsin.

4. This matter in controversy potentially exceeds $5,000,000. Each member of the proposed Class is entitled to recover the greater of his or her actual damages or statutory damages up to $1,000.00, plus costs and reasonable attorney's fees. Wis. Stat. § 425.304. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

5. At least one Class member belongs to a different state from Guardian. Guardian's 2016 Annual Report, available at https://www.guardiancu.org/about-us/2016-annual-financial-reports, states that Guardian had 35,831 members in 2016. Further, Guardian's membership is open to non-Wisconsin residents. Guardian's requirements to become a new member merely require that "someone in [the member's] immediate family lives or work" in specified southeastern Wisconsin counties. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present.

6. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

7. Plaintiff Samantha Starkey is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

8. Plaintiff is a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that she engaged in a consumer transaction.

9. Defendant Guardian is a credit union organized under the laws of the United States of America. Defendant Guardian is headquartered at 11220 W. Oklahoma Ave., Milwaukee, WI 53227.

10. With respect to Plaintiff and the class, Guardian is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts.

11. Wis. Stat. § 427.103(3) defines debt collector as: "any person engaging, directly or indirectly, in debt collection, and includes any person who sells, or offers to sell, forms represented to be a collection system, device or scheme, intended or calculated to be used to collect claims. The term does not include a printing company engaging in the printing and sale of forms." (emphasis added).

12. Wis. Stat § 427.103(2) states: "Debt collection" means *any action*, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer." (emphasis added).

13. The Western District of Wisconsin has also noted: "Unlike the FDCPA, the Wisconsin Consumer Act does not provide exceptions to its general definition of a debt collector." *Hartman v. Meridian Fin. Servs.*, 191 F. Supp. 2d 1031, 1048 (W.D. Wis. 2002).

14. Guardian is in the business of collecting debts owed to itself or its predecessors in interest, incurred for personal, family or household purposes.

## FACTS

15. Some time in or around July 2012, Plaintiff obtained an automobile loan from Guardian Credit Union.

16. The loan constituted a "consumer credit transaction" under the WCA, Wis. Stat. §§ 421-427.

17. Wis. Stat. § 421.301(10) defines a "consumer credit transaction":

> a consumer transaction between a merchant and a customer in which real or personal property, services or money is acquired on credit and the customer's obligation is payable in installments or for which credit a finance charge is or may be imposed, whether such transaction is pursuant to an open-end credit plan or is a transaction involving other than open-end credit. The term includes consumer credit sales, consumer loans, consumer leases and transactions pursuant to open-end credit plans.

18. Automobile loans are consumer credit transactions.

19. Sometime in 2014, Plaintiff's account was in default. At the time, Plaintiff owed approximately $4,970.64 on the loan.

20. On October 29, 2015, Guardian sued Plaintiff in the small claims division of the Milwaukee County Circuit Court, and the action was designated No. 2015sc28955 (the "Small

3

Claims Action"). Upon information and belief, Guardian sought to collect the same automobile loan referenced above in the Small Claims Action.

21. Guardian sought only a money judgment in the Small Claims Action. It did not seek replevin of the automobile.

22. On December 31, 2015, Plaintiff filed a chapter 7 bankruptcy petition in the bankruptcy court in the Eastern District of Wisconsin. Schedule F of Plaintiff's bankruptcy petition listed the Guardian Credit Union account and valued the claim at $5,502.00.

23. Plaintiff sent, and Guardian Credit Union received, notice of Plaintiff's bankruptcy filing.

24. Despite the pendency of the bankruptcy case, Guardian allowed the small claims court to enter default judgment against Plaintiff and in favor of Guardian on January 22, 2016.

25. Plaintiff received a discharge on April 6, 2016. The certificate of notice, which shows that Guardian Credit Union was notified of the discharge, as well as the accompanying Order of Discharge are attached as Exhibit A.

26. From the time she filed the 2015 bankruptcy to the present, Plaintiff made no payments on the Guardian Credit Union account to Guardian or anyone else.

27. On or around July 1, 2017, Guardian mailed a statement to Plaintiff regarding the Guardian Credit Union account that had been discharged in Plaintiff's 2015 bankruptcy. A copy of Guardian's statement is attached as Exhibit B.

28. Exhibit B states the following:

| GUARDIAN CREDIT UNION | |
|---|---|
| Member No.: | XXXXXXX822 |
| Statement Period: | 04/01/17 to 06/30/17 |
| Page No.: | 1 of 1 |
| ACCOUNT SUMMARY | |
| Type | Total Balance |
| Savings Accounts | 0.00 |
| Checking Accounts | 0.00 |
| Certificate Accounts | 0.00 |
| Club Accounts | 0.00 |
| Loan Accounts | 4,970.64 |

4

29. <u>Exhibit B</u> also states:

| Transaction Description | Amount | Principal | Fin. Chg. | Balance |
|---|---|---|---|---|
| **CHARGE OFF-LC-FILO USED** | | | | |
| Balance Forward | | | | 4,970.64 |
| Ending balance subject to interest rate | | | | 4,970.64 |
| **Payment Information** | | | | |
| Next Payment | 279.94 | | | |
| Past Due | 4,970.64 | | | |
| Total Due | 4,970.64 | | | |
| Late Charge Due | 0.00 | | | |
| Due Date | 09/16/14 | | | |

30. Guardian sent two additional statements to Plaintiff regarding the same debt on or around October 1, 2017 and January 2, 2018. Copies of these statements are attached as <u>Exhibits C and D</u>. Each of those statements represented that Plaintiff owed a debt of $4,970.64 to Guardian.

31. <u>Exhibits B, C and D</u> misrepresent that Plaintiff owes a debt to Guardian.

32. The alleged debt referenced in <u>Exhibits B, C and D</u> was discharged in Plaintiff's Chapter 7 bankruptcy. <u>Exhibit A</u>.

33. 11 U.S.C. § 524(a)(2) states:

> (a) A discharge in a case under this title—
> …
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived;

34. Collecting a debt that has been discharged in bankruptcy after having received notice of the bankruptcy petition is "claim[ing], or attempt[ing] or threaten[ing] to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. § 427.104(1)(j).

35. Guardian's conduct would also be a violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") if the FDCPA generally applied to original creditors. Plaintiff does not bring an FDCPA claim in this complaint. *See* 15 U.S.C. § 1692a(6).

5

36. The WCA, however, is to be interpreted consistently with the FDCPA, and the standard is the FDCPA's objective "unsophisticated consumer" standard. *See Brunton v. Nuvell Credit Corp.*, 325 Wis. 2d 135, 161 n.12, 785 N.W.2d 302, 314 n.12 (2010) (coordinating the Wisconsin Supreme Court's interpretation of the WCA with the FDCPA, and noting that other courts have done so as well). In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard for the analysis of WCA debt collection actions, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

37. Like the WCA, the FDCPA prohibits false and misleading "threat[s] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5); *see also McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) (a debt collector violates the FDCPA when it misleads an unsophisticated consumer to believe a time-barred debt is legally enforceable).

38. Defendant knew or should have known that its misrepresentations violate the WCA.

39. Any reasonable lender or debt collector would use bankruptcy "scrubbing" software that identifies accounts that have been discharged in bankruptcy.

40. Defendant's misrepresentation is likely to cause emotional distress to the unsophisticated consumer, who is afraid of having to deal with debt that the consumer believed to be discharged in bankruptcy, but was now reappearing after discharge. *See* Wis. Stat. § 427.105(1) ("actual damages shall include damages caused by emotional distress or mental anguish with or without accompanying physical injury proximately caused by a violation of this chapter").

41. Plaintiff did suffer emotional distress as a result of Exhibits B, C and D. She suffered stress and anxiety from receiving a letter stating that Guardian was pursuing an old debt that she thought had been discharge in the bankruptcy.

42. Plaintiff also had to spend time and money investigating Exhibits B, C and D, and the consequences of any potential responses to Exhibits B, C and D.

43. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibits B, C and D.

## COUNT I – WCA

44. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

45. Guardian attempted to collect Plaintiff's alleged debt that had been discharged in bankruptcy. Exhibits A, B, C and D.

46. Guardian attempts to collect a debt that does not exist, or that it is prohibited by law from collecting.

47. Defendant violated Wis. Stat. § 427.104(1)(j).

## CLASS ALLEGATIONS

48. Plaintiff brings this action on behalf of a Class consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a statement in the form represented by Exhibit B to the complaint in this action, (c) seeking to collect a debt owed to Guardian, (d) incurred for personal, family, or household purposes, (e) that had been discharged in bankruptcy, (f) between March 14, 2016 and March 14, 2018, inclusive, (g) that was not returned by the postal service.

49. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

50. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are whether the Defendant complied with Wis. Stat. § 427.104(1)(j), and whether Guardian mailed collection letters that were barred by the bankruptcy code's discharge injunction.

51. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

52. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

53. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

54. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) Injunctive relief, including but not limited to:

  i) An Order enjoining Guardian from continuing to collect the account identified in Exhibits B, C and D from Plaintiff;

ii) An Order enjoining Guardian from mailing statements in the form of Exhibits B, C or D to the Complaint in this Action to customers who have discharged the debt in bankruptcy; and

iii) An Order requiring Guardian to implement reasonable procedures to detect accounts discharged in bankruptcy, prior to mailing communications that represent that a customer owes a debt;

(d) attorneys' fees, litigation expenses and costs of suit; and

(e) such other or further relief as the Court deems proper.

Dated: March 14, 2018

**ADEMI & O'REILLY, LLP**

By: /s/ Mark A. Eldridge
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1046105)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com